USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___12/10/2025___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------  X

UNITED STATES OF AMERICA                       :
                                                                          :
        -against-                                                 :            19-CR-166-8 (VEC)
                                                                          :
ISAIAH MOSS,                                                  :            ORDER[1]
                                                                          :
                                    Defendant.        :
------------------------------------------------------------  X

VALERIE CAPRONI, United States District Judge:

WHEREAS on July 10, 2025, Defendant Isaiah Moss, proceeding *pro se*, moved for

compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "Motion"), *see* Def. Mot., Dkt.

524;

WHEREAS on October 10, 2025, the Government opposed Defendant's Motion and

provided Mr. Moss's Bureau of Prisons ("BOP") medical records (under seal), *see* Gov't Opp.,

Dkt. 529;

WHEREAS Defendant replied in support of his Motion, *see* Def. Reply, Dkt. 534;

WHEREAS Mr. Moss has exhausted his administrative remedies as required by statute,

18 U.S.C. § 3582(c)(1)(A), *see* Def. Mot.; Gov't Opp. at 6;

WHEREAS Mr. Moss is currently incarcerated at FMC Devens in Ayer, Massachusetts, a

federal medical center that specializes in long-term medical care of male inmates;

WHEREAS Mr. Moss's release date is currently October 4, 2027;

WHEREAS Mr. Moss requests that he be released pursuant to 18 U.S.C. § 3582(c) so

that he can pursue advanced treatments ███████████████ ; and

---

[1]        References to sensitive medical information have been redacted from this Order.  An unredacted version
has been provided to the parties and filed under seal.

WHEREAS this Court has broad discretion when deciding a motion pursuant to 18 U.S.C. § 3582(c), but must determine whether (i) extraordinary and compelling reasons exist to grant such relief, and (ii) whether a sentence reduction would be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a), *see, e.g.*, *United States v. Brooker*, 976 F.3d 228, 234–35 (2d Cir. 2020);

IT IS HEREBY ORDERED that Mr. Moss's Motion for compassionate release is DENIED.  With respect to Mr. Moss's remaining incarceration at FMC Devens, Mr. Moss has not demonstrated the existence of an "extraordinary and compelling reason" to reduce his sentence.  18 U.S.C. § 3582(c)(1)(A)(i).  In short, the medical records provided by the Government, *see* Gov't Opp., Ex. A (filed under seal), and Defendant's submissions, *see* Def. Reply (redacted),[2] indicate that Defendant's disease is being adequately treated at FMC Devens. *See also* Gov't Opp. at 6.  While the Court is sympathetic to Mr. Moss's desire to receive the most advanced medical care for his disease, the general notion that advanced treatment exists outside of FMC Devens does not mean "that his medical condition[] cannot be managed – or, for that matter, [is] not already well-controlled – through [Bureau of Prisons]-provided medical care." *United States v. Borelli*, No. 84-CR-63 (LAP), 2021 WL 2228075, at *3 (S.D.N.Y. June 2, 2021).  Indeed, the Court considered the potential for advancements in medical science during Mr. Moss's sentencing, noting that "[b]y the time [Mr. Moss] get[s] out [of prison], they may well have treatments that will ███████████████████████████████." Sentencing Tr., Dkt. 338, at 21:5–7.  Aside from a reference to ████████████████████

---

[2]    In his reply in support of the Motion, Mr. Moss states that, "[d]ue to the presence of this illness, the government wrongfully redacted parts of the defendant[']s motion," which hid the allegedly extraordinary and compelling circumstances justifying a sentence reduction. *See* Def. Reply, Dkt. 534.  For the avoidance of doubt, all papers in support of and in opposition to the Motion have been provided to the Court in unredacted form.  While documents (including this Order) containing sensitive medical information have been redacted for posting on the public docket, unredacted versions have been fully considered by the Court and filed under seal.

██████████████████████████████, Mr. Moss's only other arguments in support of compassionate release are his representations that: (i) he "accept[s] responsibility for [his] past and the mistakes which have caused [] pain and suffering;" (ii) he is "a different man;" and (iii) he has become a "drum major for [a] 'caring and respecting life' and its values." Def. Reply (capitalization corrected).[3]  Nevertheless, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t); *see also Brooker*, 976 F.3d at 237–38.  Thus, while the Court hopes that Mr. Moss's reported personal strides are sincere and bode well for his ultimate ability to live a law-abiding life when released, such progress is not enough to warrant granting the Motion, especially when there otherwise are no compelling medical reasons that rise to the level of extraordinary and compelling.

Finally, various of the Section 3553 factors counsel against a reduction of Mr. Moss's sentence: (i) the seriousness of his offense and (ii) his personal history and characteristics.  As to the former factor, the Court views Mr. Moss's offense as "unquestionably serious."  Sentencing Tr. at 16:25.  Mr. Moss served as the lookout for a retaliatory gang shooting.  While no one was injured, he made the deliberate choice to engage in organized criminal activity that placed the lives of others, including innocent bystanders, at risk.  *See* Gov't Opp. at 7.  As the Court previously stated, we are all "lucky that no one got hurt" by Mr. Moss's involvement in an "incredibly serious offense."  Sentencing Tr. at 17:20–21.

The latter factor, while less forceful here than the first, is still salient, and the Government is right that Mr. Moss's failure to voluntarily surrender himself for the service of his prison sentence is an aggravating factor.  *See* Gov't Opp. at 7.  This breach of trust is not one that

---

[3]    The Court also takes note of the various letters of support that Defendant submitted with his Motion.

the Court views lightly; indeed, it tends to taint Mr. Moss's current declarations of rehabilitation (given that, at his sentencing, he made similar statements – and then proceeded to jump bail).

In sum, a reduction in Mr. Moss's sentence is not warranted. Mr. Moss's Motion is DENIED. The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 524, to mail an unredacted copy of this Order to Mr. Isaiah Moss, Reg. No. 87627-054, at FMC Devens, Federal Medical Center, P.O. Box 879, Ayer, MA 01432, and to note the mailing on the docket.

**SO ORDERED.**

Date:  **December 10, 2025**
         **New York, New York**

**VALERIE CAPRONI**
**United States District Judge**

4